IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SARA A. FITZPATRICK,

    PLAINTIFF,

V.

ZAKHEIM LAW GROUP, P.A. F/K/A
ZAKEIM & LAVRAR, A FLORIDA
PROFESSIONAL ASSOCIATION;
FLYNN LAVRAR, AN INDIVIDUAL;
AND CAPITAL ONE BANK (USA),
N.A., A NATIONAL BANKING
ASSOCIATION,

    DEFENDANTS.

_____/

Case No. _____

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446, Defendant Capital One Bank (USA), N.A. ("Capital One") hereby gives notice of the removal of this action from the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida, to the United States District Court for the Middle District of Florida, Fort Myers Division, stating as follows:[1]

---

[1] Nothing in this Notice of Removal should be in any way construed as an admission by Capital One that Plaintiff's claims have any merit whatsoever.

28324291 v1

## I. INTRODUCTION

1. Plaintiff Sara A. Fitzpatrick ("Plaintiff") commenced this action on September 8, 2016, by filing a Complaint in the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida, Case Number 16-CA-003155. A true and correct copy of all pleadings, process, and orders served on Capital One, is attached to this Notice of Removal as Exhibit 1.

2. The Complaint alleges that Capital One, through its counsel, Zakheim Law Group, P.A. f/k/a Zakeim & Lavrar, P.A. ("Zakheim") and Flynn LaVrar, obtained a judgment and writ of garnishment against Plaintiff based on alleged false statements that she failed to make payments pursuant to a mediated settlement agreement. (*See* Compl., ¶¶ 12-18.) Based on these allegations, Plaintiff purports to assert two (2) causes of action against Defendants[2]: (i) violation of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; and (ii) violation of the Florida Consumer Collection Practices Act ("FCCPA"), Florida Stat. § 559.55 *et seq.* (*See generally* Compl.)

3. Capital One was served with the Summons and Complaint on September 16, 2016. As such, this Notice of Removal is timely under 28 U.S.C. § 1446.

4. This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1441 and 1446 because the lawsuit places at issue a cause of action

---

[2] While the heading of Count I suggests that the FDCPA claim is asserted only against Capital One and Zakheim, Plaintiff's allegations suggest otherwise. (*See* Compl., ¶ 23) ("As a result of Defendants' violations of the FDCPA, Ms. Fitzpatrick is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount of $1,000.00 pursuant to 15 U.S.C. § 1692d(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).")).

asserted against Capital One arising under federal law, specifically, the FDCPA. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## II. ARGUMENT AND CITATION TO LEGAL AUTHORITY

### A. Federal Question Jurisdiction Exists Over This Action.

5. Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Removal based on "federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists [] when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987) (alteration added).

6. Plaintiff's Complaint purports to allege that Defendants violated the FDCPA. (*See* Compl, Count I.) Claims asserted pursuant to the FDCPA arise under federal law, and thereby confer federal question jurisdiction. *See* 15 U.S.C. § 1692k(d) ("An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs."); *Jacobs v. Alexander William & Assoc.*, No. 8:12–cv–1406–T–30TGW, 2013 WL 1687699 (M.D. Fla. April 18, 2013) ("The Court concludes that it has federal question jurisdiction over Plaintiff's FDCPA claims.").

7.    Accordingly, because Plaintiff has asserted a claim arising under, and for alleged violation of, federal law, this Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(a).

**B.    <u>Supplemental Jurisdiction Exists Over Plaintiff's State Law Claim.</u>**

8.    This Court should exercise supplemental jurisdiction over Plaintiff's state law FCCPA claims because they form part of the same case and controversy as Plaintiff's alleged FDCPA violations. *See* 28 U.S.C. § 1367(a). Specifically, Plaintiff's state law claims arise from the same set of operative facts which serve as the basis for Plaintiff's FDCPA claims, *i.e.*, obtaining judgment and writ of garnishment based on alleged false statements. (*See* Compl. ¶¶ 8-19; 25-29.)

9.    Accordingly, the state-law claims are related to Plaintiff's federal-question claim, and thereby form a part of the same case and controversy pursuant to 28 U.S.C. § 1367(a). *See Martinez v. Commercial Recovery Systems, Inc.*, No. 8:13–cv–391–T–30MAP, 2013 WL 2237571, at *1 (M.D. Fla. May 21, 2013) ("The Court concludes that it has federal question jurisdiction over Martinez's FDCPA claims and supplemental jurisdiction over Martinez's FCCPA claims.").

### III. PROCEDURAL REQUIREMENTS

10.    No prior application has been made for the relief requested herein.

11.    The United States District Court for the Middle District of Florida, Fort Myers Division, is the district and division embracing the place where this action was pending in state court. 28 U.S.C. § 1441(a).

12. All served Defendants have provided written consent to this removal. *See* Exhibit 2.

13. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff, and a copy of this Notice of Removal, along with a Notice of Filing Notice of Removal, will be filed with the Clerk of the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida.

14. All prerequisites for removal, as set forth in 28 U.S.C. § 1441, have been met.

15. True and correct copies of all process, pleadings and orders served on Capital One are attached as Exhibit 1. *See* 28 U.S.C. § 1446(a).

16. Pursuant to Local Rule 4.02(b), true and correct copies of all process, pleadings, orders and other papers or exhibits of every kind, including depositions on file in the state court file are attached as Exhibit 3.

17. Nothing in this Notice of Removal shall be interpreted as substantially invoking the litigation process or as a waiver or relinquishment of Capital One's right to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) insufficiency of process; (3) insufficiency of service of process; (4) improper joinder of claims and/or parties; (5) failure to state a claim; (6) the mandatory arbitrability of some or all of the claims; (7) failure to join indispensable parties; or (8) any other pertinent defense available under Fla. R. Civ. P. 1.110 or Fed. R. Civ. P. 8 and 12, any state or federal statute, or otherwise.

18. In the event that remand is sought by Plaintiff or otherwise visited by this Court, Capital One respectfully requests that this Court allow it an opportunity to further brief this matter and submit additional evidence and/or argument in support of this removal.

WHEREFORE, Defendant Capital One Bank (USA), N.A., prays that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida, to the United States District Court for the Middle District of Florida, Fort Myers Division.

Dated: October 17, 2016.

Respectfully Submitted,

/s/ *[signature]*
Joshua H. Threadcraft (FL Bar # 96153)
Megan P. Stephens (FL Bar # 0092557)
Laura Westerman Tanner (FL Bar # 85573)
BURR & FORMAN LLP
420 N. 20th Street, Suite 3400
Birmingham, AL 35203
Telephone: 205-251-3000
Facsimile: 205-413-8701
Email: jthreadcraft@burr.com
       mstephens@burr.com
       ltanner@burr.com

ATTORNEYS FOR DEFENDANT CAPITAL ONE BANK (USA), N.A.

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of October, 2016, a copy of the foregoing was served on the following party/parties by e-mail and U.S. Mail, postage prepaid.

David W. Fineman, Esq.
The Dellutri Law Group, P.A.
1436 Royal Palm Squire Blvd.
Fort Myers, FL 33919
Fla.ECF.DellutriLawGroup@gmail.com
Counsel for Plaintiff

David P. Hartnett, Esq.
Hartnett Law P.A.
8900 S.W. 107 Avenue
Suite 301
Miami, Florida 33176
dhartnett@thehartnettfirm.com
Counsel for Zakheim Law Group, P.A. f/k/a Zakeim & Lavrar, P.A. and Flynn LaVrar,

/s/ [signature]
Laura Westerman Tanner