IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT, IN AND FOR LEE COUNTY, FLORIDA

SARA A. FITZPATRICK,

  Plaintiff,

v.

ZAKHEIM LAW GROUP, P.A. f/k/a
ZAKHEIM & LaVRAR, P.A., a Florida
professional association; FLYNN LaVRAR, an
individual; and CAPITAL ONE BANK (USA),
N.A., a national banking association,

  Defendants.
_____/

Case No.: 16-CA-_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Sara A. Fitzpatrick (hereinafter referred to as "Ms. Fitzpatrick"), by and through undersigned counsel, and asserts claims against Zakheim Law Group, P.A. f/k/a Zakheim & LaVrar, P.A. (hereinafter referred to as "Zakheim"), Flynn LaVrar (hereinafter referred to as "Mr. LaVrar"), and Capital One Bank (USA), N.A. (hereinafter referred to as "Capital One") as follows:

### JURISDICTION

1. This is an action for damages that exceed $15,000 and for injunctive relief.

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act ("FCCPA"), § 559.55 *et seq.*, Fla. Stat., in its illegal efforts to collect a consumer debt from Ms. Fitzpatrick.

3. Venue is proper in Lee County because the acts and transactions occurred here and Defendants transact business here.

1

## PARTIES

4. Ms. Fitzpatrick is a natural person who resides in Lee County, Florida and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and § 559.55(8), Fla. Stat.

5. Zakheim is a Florida professional association operating from an address of 1045 S University Dr Ste 202, Fort Lauderdale, FL 33324, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and § 559.55(6).

6. Mr. LaVrar is an individual and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and § 559.55(6).

7. Capital One Bank (USA), N.A. is a national banking association headquartered 4851 Cox Road, Glen Allen, Virginia 23060.

## FACTUAL ALLEGATIONS

8. Ms. Fitzpatrick incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and § 559.55(1), Fla. Stat., namely, pay for household and medical expenses to Capital One Bank (USA), N.A. (hereinafter referred to as the "Debt").

9. Sometime after default on the Debt, the Debt was consigned, placed or otherwise transferred to Defendants Zakheim and Mr. LaVrar for collection from Ms. Fitzpatrick.

10. Zakheim is a law firm that engages principally in collecting debts for its clients and Mr. LaVrar was, prior to June, 2016, an attorney at and an owner of Zakheim.

11. On June 12, 2012, Defendants filed suit on behalf of its client against Ms. Fitzpatrick seeking to collect the Debt. *See* Lee County Case Number 12-SC-050204 (the "Lawsuit").

12. On November 28, 2012, a mediated settlement agreement was reached whereby Ms. Fitzpatrick would pay $25.00 per month on the eighth of each month beginning on January 8,

2013 until the Debt was paid and the suit would be dismissed. *See* Settlement Agreement attached hereto.

13. Ms. Fitzpatrick began timely making all payments.

14. On June 24, 2015, despite Ms. Fitzpatrick being <u>current</u> on <u>all</u> payments that had come due, Mr. LaVrar falsely attested to Stephen K. Mak that Ms. Fitzpatrick was delinquent on payments in an affidavit (the "Affidavit"). Attached hereto.

15. On June 30, 2015, Defendants then filed the Affidavit in the Lawsuit support an improper motion for judgment misleading the Court to enter same against Ms. Fitzpatrick. *See* Attached filings and Judgment.

16. Through Ms. Fitzpatrick's first counsel in the Lawsuit, she filed a motion to vacate same as the Affidavit itself reflected all payments had been made when the monthly payments currently at the time of the Affidavit are calculated and compared to the amount Defendants stated they received (*i.e.*, the Affidavit stated Defendants had received $750.00 as of 6/24/15. Ms. Fitzpatrick was to pay $25.00 per month on the 8th of each month beginning on 1/8/13. Therefore, 30 payments of $25.00 were due on 6/24/15. $25.00 times 30 equals $750.00).

17. On August 12, 2016, despite being placed on notice by, at minimum, the motion to vacate, filed on August 20, 2015, Zakheim proceeded to pursue the wrongfully obtained judgment and requested and received a writ of garnishment against Ms. Fitzpatrick's bank account. *See* Writ of Garnishment attached hereto.

18. Upon information and belief, as Defendants Zakheim and Mr. LaVrar represent Defendant Capital One as its law firm and attorney, all actions taken by them were done at the control, direction and/or consent of Defendant Capital One.

19. Ms. Fitzpatrick has been damaged as a result of Defendants' conduct.

## COUNT I – VIOLATION OF THE FDCPA
### *Against Zakheim & Capital One*

20. Ms. Fitzpatrick incorporates by reference 1 – 19 of the paragraphs above as though fully stated herein.

21. By seeking and pursuing the Writ of Garnishment, Zakheim took action that is unfair, harassing or abusive in violation of 15 U.S.C. §§ 1692d and 1692f.

22. Defendant Capital One, as the other Defendants' principal, is jointly and severally liable for their wrongful conduct.

23. As a result of Defendants' violations of the FDCPA, Ms. Fitzpatrick is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT II – VIOLATION OF THE FCCPA
### *Against All Defendants*

24. Ms. Fitzpatrick incorporates by reference 1 – 19 of the paragraphs above as though fully stated herein.

25. Mr. LaVrar disclosed to Stephen M. Kay information known to be false or with reason to know same.

26. Mr. LaVrar made the disclosure in the course of his duties and position at Zakheim; Zakheim is jointly and severally responsible for his actions.

27. Upon information and belief, as Defendants Zakheim and Mr. LaVrar represent Defendant Capital One as its law firm and attorney, all actions taken by them were done at the control, direction and/or consent of Defendant Capital One.

4

28. As a result of Defendants' violations of the FCCPA, Ms. Fitzpatrick is entitled to actual damages and statutory damages in an amount up to $1,000.00 and reasonable attorney's fees and costs pursuant to § 559.77.

29. Additionally, § 559.77 provides a court may award punitive damages. Ms. Fitzpatrick will seek to amend this claim to seek same if discovery shows punitive damages may be proper.

## RELIEF REQUESTED

WHEREFORE, Ms. Fitzpatrick prays that judgment be entered against Defendants, jointly and severally:

- awarding damages pursuant to 15 U.S.C. § 1692k and § 559.77, Fla. Stat.;
- enjoining further abusive collection conduct;
- vacating the judgment wrongfully entered against Ms. Fitzpatrick;
- awarding costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and § 559.77, Fla. Stat.; and
- awarding such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Ms. Fitzpatrick is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

THE DELLUTRI LAW GROUP, P.A.
1436 Royal Palm Square Blvd.
Fort Myers, FL 33919
239-939-0900
239-939-0588 – Fax
www.DellutriLawGroup.com
*/s/ David W. Fineman*
David W. Fineman, Esq.
FBN: 0040993
Dfineman@DellutriLawGroup.com
Fla.ECF.DellutriLawGroup@gmail.com

17030.01

5